UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-023 **-01** |
| | ) | *Edgar* |
| NORMA G. FRIZZELL | ) | |

## MEMORANDUM AND ORDER

Based on her plea of guilty, the Court entered a judgment of conviction against Norma G. Frizzell ("Frizzell") and ordered that she is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of four months. [Court Doc. No. 12]. Frizzell is released on bond and is ordered to surrender for service of sentence on August 2, 2005.

Frizzell has filed a *pro se* notice of appeal. [Court Doc. No. 11]. The matter presently before the Court is Frizzell's motion to stay execution of the judgment of conviction pending appeal, and to delay the date when she is required to surrender to commence service of the sentence of imprisonment. [Court Doc. No. 15]. Frizzell contends her appeal is not for the purpose of delay, and that the appeal raises a substantial question of law whether the District Court or the Bureau of Prisons has the authority to designate Frizzell to serve her sentence in a local halfway house or home detention rather than a federal correctional institution.

FED. R. CRIM. P. 38(b)(1) provides: "If the defendant is released pending appeal, the court must stay a sentence of imprisonment." To determine whether Frizzell may be released from custody pending appeal, the Court is required to apply 18 U.S.C. § 3143(b) which provides in part:

> **Release or detention pending appeal by the defendant. --**
> (1) Except as provided in paragraph (2), the judicial officer shall

-1-

order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . ., be detained, unless the judicial officer finds –

    (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

    (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

    (i)    reversal,
    (ii)    an order for a new trial;
    (iii)    a sentence that does not include a term of imprisonment, or
    (iv)    a reduced sentenced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) creates a presumption against release pending appeal. *United States v. Scherer*, 101 Fed. Appx. 1002 (6th Cir. June 21, 2004); *United v. Sabino*, 97 Fed. Appx. 626 (May 14, 2004); *United States v. Freeman*, 42 Fed. Appx. 808 (Aug. 16, 2002); *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).

The Court finds that Frizzell has not met her burden under 18 U.S.C. § 3143(b)(1) of showing that she should be released pending appeal. Frizzell does not satisfy the criteria for release set forth in § 3143(b)(1)(B). Frizzell has not demonstrated that her appeal raises a substantial question of law or fact likely to result in a reversal of the judgment of conviction, a new trial, a new sentence that does not include a term of imprisonment, or a reduced sentence. An appeal raises a substantial question when the appeal presents a close question or one that reasonably could be decided either way, and "the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985); *see also Sabino*, 274 Fed.

-2-

Case 1:05-cr-00023   Document 16   Filed 07/19/05   Page 2 of 3   PageID #: 2

Appx. 626; *United States v. Sutherlin*, 84 Fed. Appx. 630 (6th Cir. Dec. 15, 2003); *Freeman*, 42 Fed. Appx. 808.

Frizzell stands convicted based on her guilty plea. It is the Court's understanding that she is not challenging on appeal the validity of the conviction, or the length of her sentence of four months imprisonment. She does not seek a trial. Instead, Frizzell merely raises a question whether the District Court has the authority to order and require the Bureau of Prisons to confine her in a local halfway house or to serve her term of imprisonment in home detention. This does not constitute a substantial question of law that justifies her release pending appeal under 18 U.S.C. § 3143(b)(1)(B). The Bureau of Prisons designates the defendant's place of confinement pursuant to 18 U.S.C. § 3621(b). Even if we assume *arguendo* that Frizzell might somehow prevail on her question of law on appeal, which is extremely unlikely, it would not result in a reversal of the judgment of conviction on the merits nor would it reduce the length of the sentence of imprisonment.

Accordingly, the defendant's motion [Court Doc. No. 15] is **DENIED**.

SO ORDERED.

ENTER this *19th day of July, 2005*.

                                      */s/ R. Allan Edgar*
                                      R. ALLAN EDGAR
                              CHIEF UNITED STATES DISTRICT JUDGE